UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILBUR JOLLY, | : | |
| | : | |
| Plaintiff, | : | 3:04CV2052 (MRK) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**RULING ON MOTION TO DISMISS**

On December 3, 2004, Plaintiff Wilbur Jolly initiated this action against Defendant Commissioner of Social Security Jo Anne Barnhart alleging that although he is entitled to receive three payments of $564 per month in SSI benefits, he has only been receiving one payment of $564 per month in SSI benefits, because a social security officer is stealing the other two monthly payments of $564 from his account. *See* Complaint [doc. #5] at 2.

On March 29, 2005, Defendant Commissioner of Social Security filed a Motion to Dismiss Plaintiff's Complaint [doc. #12] for lack of jurisdiction on the grounds that Mr. Jolly had not exhausted his administrative remedies. On September 8, 2005, this Court issued an Order to Show Cause [doc. #15] requiring Mr. Jolly to explain why the Motion to Dismiss should not be granted. Mr. Jolly filed a Memorandum Not to Dismiss Plaintiff's Complaint [doc. #16] on October 5, and has also filed a Motion for Discovery [doc. # 17], and a Motion to Enter Evidence [doc. # 18].

For the reasons that follow, the Court GRANTS Defendant Commissioner of Social Security's Motion to Dismiss [doc. #12], and DENIES AS MOOT Mr. Jolly's Motion for Discovery [doc. # 17], and Motion to Enter Evidence [doc. # 18].

**I.**

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, the Court "must accept as true all material factual allegations in the complaint," *J.S. ex rel. N.S. v. Attica Central Schools*, 386 F.3d 107, 110 (2d Cir. 2004), but may not "draw inferences from the complaint favorable to plaintiffs." *id.* (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654 (1999); *Todd v. Exxon Corp.*, 275 F.3d 191, 197-98 (2d Cir. 2001). Thus, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *York v. Association of Bar of City of New York,* 286 F.3d 122, 125 (2d Cir.2002) (quoting *Scheuer*, 416 U.S. at 236). In other words, "the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Eternity Global Master Fund Ltd. v. Morgan Guarantee Trust Co.*, 375 F.3d 168, 176 (2d Cir.2004) (internal quotation marks omitted). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir.2002) (internal quotation marks and citation omitted).

In support of the motion to dismiss, Commissioner Barnhart submits a declaration by Patrick J. Herbst, Chief, Court Case Preparation and Review Branch of the Office of Hearings and Appeals, Social Security Administration [doc. #13-1]. "Although courts are generally limited to examining the sufficiency of the pleadings on a motion to dismiss, 'on a challeng[e] [to] the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to

evidence outside the pleadings.'" *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 161 n.30 (2d Cir. 2003) (quoting *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir.1998)).

## II.

A district court only has jurisdiction to review a determination of the appropriate level of SSI benefits when a plaintiff has met the requirements of the Social Security Act (the "Act"), 42 U.S.C. § 405. In relevant part, the Act provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Furthermore,

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). "[T]he term 'final decision' is left undefined by the Act and its meaning is to be fleshed out by the Secretary's regulations." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

Under the Social Security Administration regulations, Mr. Jolly may first request reconsideration of the benefits determination, then challenge the size of his benefits entitlement before an Administrative Law Judge, and then have the decision of the Administrative Law Judge reviewed by the Appeals Council. *See* 20 C.F.R. § 416.1400(a)(2)-(4). It is the decision of the Appeals Council that constitutes the "final decision" of the Commissioner, and it is only after this decision has been rendered that a claimant may challenge a benefits determination on non-constitutional grounds in the federal courts. *See, e.g., Maldonado v. Commissioner of Social*

*Security*, No. 03-CV-681S, 2004 WL 1197356 (W.D.N.Y. May 28, 2004) ("It is well-settled that judicial review of Social Security benefits determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court.") (internal quotation marks omitted); *Matthews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y.1995) (same).

Simply put, under the Act and the regulations, Mr. Jolly must complete the administrative appeals process and receive either (1) a decision by the Appeals Council or (2) a notice from the Appeals Council denying his request for review before this Court can consider his claim. The Commissioner maintains that Mr. Jolly has not even begun this process. *See* Declaration of Patrick J. Herbst, Chief, Court Case Preparation and Review Branch of the Office of Hearings and Appeals, Social Security Administration [doc. #13-1] at 3 ("[T]he electronic record does not show plaintiff has requested any administrative review by the Appeals Council prior to filing the instant civil action."). In his Motion Not to Dismiss Plaintiff's Case [doc. #16], Mr. Jolly does not claim that the Commissioner's assertion is incorrect or that he has in fact attempted to exhaust his administrative remedies, but merely reasserts his allegation that Commissioner Barnhart is somehow stealing money from his social security account. There simply are no facts in the record that would allow the Court to conclude that Mr. Jolly has satisfied the requirements of 42 U.S.C. § 405(g).

Mr. Jolly clearly feels that he has been wronged and is frustrated by the perceived inadequacy of his benefits, but Congress has not given this Court the authority to consider his claims until he gives the Social Security Administration the opportunity to correct any error through the administrative review process. The Court therefore GRANTS Defendant Commissioner of Social Security's Motion to Dismiss [doc. #12], and DENIES AS MOOT Mr. Jolly's Motion for Discovery [doc. # 17], and a Motion to Enter Evidence [doc. # 18]. **The Clerk of Court is directed to close**

**this file.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz
        United States District Judge

**Dated at New Haven, Connecticut: October 14, 2005.**